**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| John Lynn Haney, | ) | No. CV 11-8197-PCT-RCB (DKD) |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Mohave County, et al., | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff John Lynn Haney, who is confined in the Mohave County Jail in Kingman, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim with leave to amend. (Doc. 1, 9.) Plaintiff has filed a First Amended Complaint. (Doc. 15.) Plaintiff has also filed a motion for appointment of counsel and four motions to amend. (Doc. 14, 16-19.) The Court will dismiss the First Amended Complaint with leave to amend and deny the motions.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the

JDDL-K

1
2
3
4
5

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

6
7
8
9
10
11
12
13
14

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

15
16
17
18
19

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

20
21
22
23
24
25
26
27
28

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). The Court will dismiss Plaintiff's First Amended Complaint for failure to state a claim, but because it may possibly be saved by amendment, the Court will dismiss the First Amended Complaint with leave to amend.

1

**II.    First Amended Complaint**

2    Plaintiff alleges three counts for violation of Equal Protection and threat to safety.

3  Plaintiff sues Mohave County Jail Director Brown and Mohave County Jail Detention

4  Officers Andrew White, Ocampo, and Gillette. Plaintiff seeks injunctive and compensatory

5  relief.

6  **III.    Failure to State a Claim**

7    To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

8  conduct about which he complains was committed by a person acting under the color of state

9  law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.

10  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, a plaintiff must allege that he

11  suffered a specific injury as a result of the conduct of a particular defendant and he must

12  allege an affirmative link between the injury and the conduct of that defendant. Rizzo v.

13  Goode, 423 U.S. 362, 371-72, 377 (1976).

14    **A.    Brown**

15    Plaintiff sues Mohave County Jail Director Brown. While Brown may be sued under

16  § 1983, Plaintiff fails to state a claim against him.

17    To state a claim against a defendant, a "plaintiff must allege facts, not simply

18  conclusions, that show that an individual was personally involved in the deprivation of his

19  civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual

20  to be liable in his official capacity, a plaintiff must allege that the official acted as a result of

21  a policy, practice, or custom or that the official promulgated a policy, practice or custom

22  resulting in the violation. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th

23  Cir. 2001). In addition, there is no *respondeat superior* liability under § 1983, so a

24  defendant's position as the supervisor of someone who allegedly violated a plaintiff's

25  constitutional rights does not make him liable. Monell v. New York City Dep't of Soc.

26  Servs., 436 U.S. 686, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A

27  supervisor in his individual capacity, "is only liable for constitutional violations of his

28  subordinates if the supervisor participated in or directed the violations, or knew of the

1   violations and failed to act to prevent them." <u>Taylor</u>, 880 F.2d at 1045.  Moreover, where

2   a defendant's only involvement in allegedly unconstitutional conduct is the denial of

3   administrative grievances, the failure to intervene on a prisoner's behalf to remedy the

4   alleged unconstitutional behavior does not amount to active unconstitutional behavior for

5   purposes of § 1983. <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999); <u>accord</u> <u>Mintun</u>

6   <u>v. Blades</u>, No. CV-06-139-BLW, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); <u>Stocker</u>

7   <u>v. Warden</u>, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009).

8       Plaintiff fails to allege any facts against Brown.  Plaintiff does not allege facts to

9   support that Brown directly violated his constitutional rights.  He also does not allege facts

10  to support that Brown promulgated or endorsed a policy, practice, or custom that resulted in

11  a violation of Plaintiff's constitutional rights.  Accordingly, Plaintiff fails to state a claim

12  against Brown and he will be dismissed.

13      **B.    Threat to Safety**

14      Plaintiff designates Count I as a claim for threat to safety.  To state a claim under

15  § 1983 for threat to safety, an inmate must allege facts to support that he was incarcerated

16  under conditions posing a *substantial* risk of harm and that jail officials were "deliberately

17  indifferent" to those risks.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994).  In defining

18  "deliberate indifference" in this context, the Supreme Court has imposed a subjective test,

19  "the official must both be aware of the facts from which the inference could be drawn that

20  a substantial risk of serious harm exists, <u>and</u> he must also draw the inference." <u>Id.</u> at 837.

21  Thus, to adequately allege deliberate indifference, a plaintiff must allege facts to support that

22  a defendant knew of, but disregarded, an excessive risk to inmate safety. <u>Id.</u>  That is, "the

23  official must both [have been] aware of facts from which the inference could be drawn that

24  a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference."

25  <u>Id.</u>

26      Plaintiff alleges the following facts in support of Count I: Defendant White charged

27

28

pretrial detainee John Langan with a felony offense.[1]  Langan was housed next to Plaintiff in A-pod.  Langan offered to give store items to any inmate who broke the sprinklers and flooded the pod.  Plaintiff informed White of Langan's offer.  White included Plaintiff's name in a report, a copy of which was given to Langan pursuant to Arizona State Rule of Criminal Procedure 15.1, which resulted in Plaintiff being dubbed a "rat."  At some point, Plaintiff was moved to K-pod, where he was attacked and beaten by five inmates.  Plaintiff was then apparently moved back into A-pod, next to Langan.  Plaintiff's life was threatened and he was assaulted with urine and feces by other inmates.

Plaintiff's allegations reflect that White included Plaintiff's name as source of information regarding acts of another inmate in a report.  That report was subsequently disclosed by someone to Langan.  Plaintiff does not allege facts to support that White knew or should have known that Langan would have access to the report.  Plaintiff also fails to allege facts to support that White, or any other Defendant, knew or should have known that Plaintiff's safety was at risk while he was confined in the K-pod.[2]  Further, while Plaintiff alleges that he was threatened and harassed by other inmates, he fails to allege facts to support that any Defendant knew or should have known of a substantial risk to Plaintiff's safety.  That is, Plaintiff fails to allege facts to support that White, or anyone else, acted with deliberate indifference to a threat to his safety.  Accordingly, Plaintiff fails to state a claim for threat to safety in Count I.

### C.    Equal Protection

Plaintiff designates Counts II and III as claims for violation of his equal protection rights.  The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. Const.,

---

[1]  Plaintiff fails to allege when the events occurred.

[2]  Plaintiff alleges that he was assaulted by five inmates while he was in K-pod, but he does not allege facts to support any connection between Langan learning that Plaintiff had reported him to White and that assault.

amend. XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). A state practice that interferes with a fundamental right or that discriminates against a suspect class of individuals is subject to strict scrutiny. Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976); see City of Cleburne, 473 U.S. at 441. Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly situated without a reasonable basis therefor. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Conclusory allegations do not suffice. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiff alleges the following facts in support of Counts II and III: on March 6, 2012, Plaintiff was moved from General Population (GP) to administrative segregation. While in administrative segregation, Plaintiff's life was threatened by unidentified persons. In addition, the day he arrived in administrative segregation, a bucket of mop water was poured under his door flooding his cell. On March 7, 2012, Plaintiff was sprayed with urine by other inmates as he walked to and from the showers. On March 20, 2012, inmate Jonathon Vandergrift sprayed urine on Plaintiff under Plaintiff's cell door and inmate Mike Dobson left excrement in Plaintiff's cell. On March 23, 2012, mop water was again used to flood Plaintiff's cell; Defendant Ocampo brought Plaintiff a squeegee to mop up the water and left. As Plaintiff was mopping up the water, inmate Morison flung a bag of urine and excrement into Plaintiff's cell, hitting Plaintiff. Defendant Ocampo came and cleaned up the mess. Plaintiff asked Ocampo to file charges; Ocampo told Plaintiff that he would look into it, but he did not get back to Plaintiff. Defendant Gillette asked Plaintiff who was responsible and Plaintiff told him. Gillette agreed that Morison's acts constituted assault, but no charges were filed. Plaintiff maintains that the officers failed to take any action.

Plaintiff does not allege that he is a member of suspect class or that he has been denied a fundamental right. Plaintiff merely contends that if urine or excrement had been thrown at a detention officer, charges would have been filed, but charges were not filed when urine and excrement were thrown at him. Plaintiff does not have a constitutional right to have

criminal charges filed against another person.  Further, detention officers are not similarly-situated to an inmate and Plaintiff has not alleged facts to support that he was treated differently than other similarly-situated inmates.  For these reasons, Plaintiff fails to state an equal protection claim in Counts II and III.

**IV.   Leave to Amend**

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**V.   Motions to Amend the First Amended Complaint**

As noted above, Plaintiff has filed several motions to amend his First Amended Complaint.  (Doc. 16-19.)  Plaintiff failed to submit a proposed second amended complaint

JDDL-K                                                          - 7 -

with any of his motions.[3]  For that reason, his motions to amend will be denied.  However, as discussed above, Plaintiff is being granted leave to file a second amended complaint, using the court-approved form, in which he may include additional factual allegations.

## VI.   Motion for Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel because he is unable to afford counsel, he is proceeding *in forma pauperis*, and lacks access to a law library. Counsel is only appointed in a civil rights action in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331; see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017.

Plaintiff appears able to articulate his claims in light of the complexity of the legal issues.  Further, this case does not present exceptional circumstances.  Accordingly, Plaintiff's motion for appointment of counsel will be denied.

## VII.  Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

---

[3]  As the Court previously informed Plaintiff, this District's Local Rules require a litigant to submit a proposed amended pleading with any motion for leave to amend. (Doc. 9.)

1  relief with a notice of change of address.  Failure to comply may result in dismissal of this

2  action.

3          **C.      Copies**

4          Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>

5  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

6  to Plaintiff.

7          **D.      Possible "Strike"**

8          Because the First Amended Complaint has been dismissed for failure to state a claim,

9  if Plaintiff fails to file a second  amended complaint correcting the deficiencies identified in

10  this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C.

11  § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal

12  a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

13  prior occasions, while incarcerated or detained in any facility, brought an action or appeal

14  in a court of the United States that was dismissed on the grounds that it is frivolous,

15  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

16  under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

17          **E.      Possible Dismissal**

18          If Plaintiff fails to timely comply with every provision of this Order, including these

19  warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik</u>, 963 F.2d at

20  1260-61 (a district court may dismiss an action for failure to comply with any order of the

21  Court).

22  **IT IS ORDERED:**

23          (1)      The First Amended Complaint is **dismissed** for failure to state a claim.  (Doc.

24  15.)  Plaintiff has **30 days** from the date this Order is filed to file a second amended

25  complaint in compliance with this Order.

26          (2)      If Plaintiff fails to file a second amended complaint within 30 days, the Clerk

27  of Court must, without further notice, enter a judgment of dismissal of this action with

28  prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

1    (3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

2    rights complaint by a prisoner.

3    (4)    Plaintiff's motions to amend the First Amended Complaint are **denied**.  (Doc.

4    16-19.)

5    (5)    Plaintiff's motion for appointment of counsel is **denied**.  (Doc. 14.)

6    DATED this 20th day of June, 2012.

Robert C. Broomfield
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

<u>Phoenix & Prescott Divisions:</u>    **OR**    <u>Tucson Division:</u>
U.S. District Court Clerk                     U.S. District Court Clerk
U.S. Courthouse, Suite 130               U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10    405 West Congress Street
Phoenix, Arizona  85003-2119            Tucson, Arizona  85701-5010

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.   <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.   <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,    )
(Full Name of Plaintiff)                      )
        Plaintiff,                      )
                               )
        vs.                             )   **CASE NO.** _____
                               )   (To be supplied by the Clerk)

(1) _____ ,          )
(Full Name of Defendant)                      )
(2) _____ ,          )
                               )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,          )   **BY A PRISONER**
                               )
(4) _____ ,          )   ☐ Original Complaint
        Defendant(s).                   )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint


### A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
    _____at_____.
    (Position and Title)                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?       ☐ Yes       ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
            _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer    ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes    ☐ No
    b.    Did you submit a request for administrative relief on Count I?    ☐ Yes    ☐ No
    c.    Did you appeal your request for relief on Count I to the highest level?    ☐ Yes    ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
b.   Did you submit a request for administrative relief on Count II? ☐ Yes ☐ No
c.   Did you appeal your request for relief on Count II to the highest level? ☐ Yes ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                      ☐ Yes    ☐ No
   b.   Did you submit a request for administrative relief on Count III?           ☐ Yes    ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?  ☐ Yes    ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                             DATE                                                    SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.